UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIKAS GROVER and SHVETA SHARMA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:21-cv-2408-B-BN |
| | § | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, citizens of India, filed suit against the U.S. Citizenship and Immigration Services, the U.S. Department of State, and officials of both agencies in their official capacities under the Administrative Procedures Act and the federal mandamus statute requesting, among other relief, that the Court compel the defendants to adjudicate Plaintiffs' pending I-485 applications for lawful permanent residency before October 31, 2021 or, alternatively, compel the defendants to reserve visa numbers for Plaintiffs to allow for the adjudication of their applications after a forthcoming November 1, 2021 visa bulletin "retrogression." *See* Dkt. No. 47 (second amended complaint).

Plaintiffs also move for an emergency temporary restraining order and preliminary injunction as to this requested relief. *See* Dkt. Nos. 48 & 49. As ordered, *see* Dkt. No. 51, Defendants filed an expedited response to Plaintiffs' request for a TRO and PI, *see* Dkt. Nos. 52 & 53. And Plaintiffs replied. *See* Dkt. No. 54.

Temporary and accelerated injunctive relief—through either a TRO or a PI—"is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance."

*Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)). So, to obtain either a TRO or a PI, Plaintiffs must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

But Plaintiffs have not shown a substantial likelihood that they will prevail on the merits of their case because they have failed to unequivocally demonstrate that the Court has jurisdiction to provide the relief that they seek.

The Court is persuaded that I-485 applicants do not possess "a 'clear and certain' right to have [their] I-485 application[s] adjusted within [a certain number of days] of [the application's] filing—or that the USCIS has a 'plainly prescribed' duty to process the application within [a set] time frame." *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010) (in which suit was brought under both the APA and the mandamus statute, and the Fifth Circuit concluded "that the district court lacked jurisdiction to consider Bian's claim, as Congress has expressly precluded judicial review of the USCIS's pace of adjudication when the agency acts within its discretion and pursuant to the regulations that the agency deems necessary for carrying out its statutory grant of authority"), *vacated as moot*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *cf. Melot v. Bergami*, 970 F.3d 596, 599 n.11 (5th Cir. 2020) (finding persuasive a "thoughtful opinion" from the Tenth Circuit "although [that opinion was] vacated as moot on rehearing").

The Court therefore **DENIES** Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. Nos. 48].

**SO ORDERED.**

**DATE: October 28, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE